UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ESTATE OF DAVID COTTON | CIVIL ACTION NO. |
| | 3:01CV01203(AVC) |
| V. | |
| RICHARD J. BOWEN IV, JEFFREY ANGELL, DANIEL SQUIRES, AND TOWN OF WINDSOR LOCKS | NOVEMBER 4, 2003 |

### REQUESTS TO CHARGE

**1. Excessive Use of Force:**

The 4th Amendment to the United States Constitution, as well as Sections 7 and 9 of the Connecticut State Constitution set the limit on the amount of force police officers may use in the course of an arrest, investigatory stop, or other "seizure" of a free citizen. See Graham v. Connor, 490 U.S. 386, 395 (1989); State v. Rizzo, 2003 W.L. 22326612 * 13 (Conn. 2003).

All claims that law enforcement officers have used excessive force ask whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to the officer's underlying intent or motivation. Gargiulo v. Town of East Haven, 2000 W.L. 1170901 (Conn. Super. 2000). An officer's good intentions will not make an objectively unreasonable use of force constitutional. Graham v. Connor, 490 U.S. 386, 395 (1989); Ricketts v. City of Hartford, 74 F3d 1397, 1411 (Conn. 1996).

1

HUNT LEIBERT CHESTER & JACOBSON, P.C. ● ATTORNEYS AT LAW
50 WESTON STREET ● HARTFORD, CONNECTICUT 06120 ● (860) 808-0606 ● JURIS NO. 101589

**2. Assessment of Excessive Force:**

The jury, in assessing the merits of plaintiff's excessive force claims, must pay careful attention to the facts and circumstances that were present at the time. Plaintiff has claimed, in this case, that there was excessive force in employing mace, using a canine, and in recklessly enhancing or creating the likelihood of death and/or failing to summon medical assistance.

With regard to the use of mace and/or the police canine, the jury should include in its assessment of the facts and circumstances:

    A.    The severity of the crime at issue;

    B.    Whether Mr. Cotton, while in the custody of the defendant officers, posed an immediate threat to the safety of the officers;

    C.    Whether Mr. Cotton was actively resisting arrest or attempting to evade arrest by flight;

    D.    The reasons, if any, offered by the defendant police officers for the use of mace or the canine;

    E.    Whether or not the use of the dog and/or mace was in accord with identified training and/or customary police procedures.

The jury, in assessing the claim that defendants recklessly enhanced or created the likelihood of death and/or failed to summon medical assistance should assess, among other things,

    1.    Whether or not the combination of academy training and field experience enabled the defendant officers to know there was an identified correlation between the amount

HUNT LEIBERT CHESTER & JACOBSON, P.C. • ATTORNEYS AT LAW
50 WESTON STREET • HARTFORD, CONNECTICUT 06120 • (860) 808-0606 • JURIS NO. 101589

2

and/or nature of the drugs used (or suspected of being used) and the risk of harm to the user;

2. Whether or not the defendant officers knew, at the time of responding to the Motel 6 scene, that medical help should be summoned for someone who is suspected of swallowing drugs, in an amount, or of a nature, that could produce a potentially fatal result;

3. Whether or not the officers, at the time of responding to the Motel 6 scene, knew of, and had the means for summoning, available medical assistance;

4. Whether or not the defendant officers knew that Mr. Cotton had ingested drugs;

5. Whether or not the defendant officers knew that the drug ingested by Mr. Cotton was rock cocaine;

6. Whether or not the officers observed symptoms which they acknowledged to be consistent with the effects of drug overdose;

7. Whether or not the officers, or any of them, consciously acknowledged the need for obtaining medical attention;

8. Whether there was any delay in obtaining medical attention once the circumstances identifying that a potentially toxic amount of drugs had been ingested;

HUNT LEIBERT CHESTER & JACOBSON, P.C. • ATTORNEYS AT LAW
50 WESTON STREET • HARTFORD, CONNECTICUT 06120 • (860) 808-0606 • JURIS NO. 101589

3

    9.    What reasons, if any, were relied upon by the defendant officers for any delay that may have occurred in summoning or obtaining medical assistance.

> See generally, Saucier v. Katz, 121 S CT 2151; 2001 WL 672265, II p 8, 2001, CO, Justice Ginsburg, p 10 (2001)

### 3. Damages not a precise mathematical formula:

It is not acceptable to say that a jury has no comptometer with which to total up values assignable to physical and mental suffering. Difficulty in computation is not a barrier to full recovery. The commission of a wrong carries with it the duty to make amends. And if the mending process is additionally expensive because of problems encountered in ascertaining the cost of pain and suffering, that process becomes part of the obligation the wrongdoer must assume. As between the innocent victim of a wrong and the person who accomplished the wrong, the law imposes on the malfeasor the obligation to make the victim whole in every phase in which the victim has suffered, to the extent that rehabilitation is possible in terms of money. See Spangler v. Helm's New York-Pittsburgh Motor Exp., 153 A.2d 490, 491-492 (1959).

### 4. Mental Suffering:

A plaintiff may recover damages in a personal injury action for pain and suffering even when such pain and suffering is evidenced exclusively by the plaintiff's subjective complaints. There is no reason to subject a claim of mental

HUNT LEIBERT CHESTER & JACOBSON, P.C. • ATTORNEYS AT LAW
50 WESTON STREET • HARTFORD, CONNECTICUT 06120 • (860) 808-0606 • JURIS NO. 101589

4

suffering, which is ordinarily evidenced by subjective complaints, to a stricter scrutiny or greater care than a claim of physical suffering evidenced by the same type of complaints . . . A plaintiff need only establish a claim for mental or emotional distress by a fair preponderance of the evidence . . ."

> LaBieniec v. Baker, 11 Conn.App. 199 (1987).

### 5. Punitive Damages:

[A] jury may be permitted to assess punitive damages in an action under §1983 when the defendant's conduct involves reckless or callous indifference to the federally protected rights of others.

> Smith v. Wade, 103 S.Ct. 1625 (1983).

The amount of the punitive award must consider the gravity of the wrong and the need to deter similar wrongful conduct.

> Pacific Mut. Life Ins. Co. v. Haslip, 111 S.Ct. 1032 (U.S.Ala.1991).

An award of punitive damages punishes a defendant who has acted recklessly to deny a plaintiff his protected rights, and helps secure rights for others by deterring future violations.

> Blackledge v. Carlone, 126 F.Supp.2d 224 (D.Conn. 2001); See also: McFadden v. Sanchez, 710 F.2d 907 (C.A.N.Y. 1983).

Punitive damages may be awarded in § 1983 cases even in the absence of a compensatory award. *See, e.g.,* King v. Macri, 993 F.2d 294, 298 (2d Cir. 1993); Stolberg v. Members of Board of Trustees, 474 F.2d 485, 489 (2d Cir. 1973); Robinson v. Cattaraugus County, 147 F.3d 153 (2d Cir. 1998).

HUNT LEIBERT CHESTER & JACOBSON, P.C. • ATTORNEYS AT LAW
50 WESTON STREET • HARTFORD, CONNECTICUT 06120 • (860) 808-0606 • JURIS NO. 101589

5

**6. Inapplicability of Contributory Negligence to Reckless Misconduct**

The defense of contributory negligence does not apply where an injury is a result of willful or wanton conduct. It is our settled rule that contributory negligence is not a defense to a cause of action based on reckless misconduct. Bordonaro v. Senk, 109 Conn. 428, 433, 147 A. 136; Grant v. MacLelland, 109 Conn. 517, 521, 147 A. 138; Lionetti v. Coppola, 115 Conn. 499, 503, 161 A. 797.

> Heslin v. Malone 165 A. 594, 596 (Conn. 1933); Cheneski v. Barber 1992 WL 32543, *1 (Conn.Super.,1992); Decker v. Roberts, 125 Conn. 150, 157 (1939); McMann v. Dignoti 2000 WL 420704, *1 (Conn.Super.,2000)
>
> RESPECTFULLY SUBMITTED
> PLAINTIFF
>
> BY _____
> Kimball Haines Hunt
> Hunt, Leibert, Chester & Jacobson, PC
> 50 Weston Street
> Hartford, CT  06120
> (860)808-0606
> Federal Bar CT00266

CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid, of even date herewith to:

Attorney John J. Radshaw, III
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT  06114

_____
Kimball Haines Hunt

6

HUNT LEIBERT CHESTER & JACOBSON, P.C. ● ATTORNEYS AT LAW
50 WESTON STREET ● HARTFORD, CONNECTICUT 06120 ● (860) 808-0606 ● JURIS NO. 101589